**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**Civil Case Number:** _____

| | |
|---|---|
| Shanteria McLeod, | : |
| Plaintiff, | : |
| vs. | : |
| Specified Credit Association, Inc., | : |
| Defendant. | : |

**COMPLAINT**

For this Complaint, the Plaintiff, Shanteria McLeod, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA") in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Shanteria McLeod ("Plaintiff"), is an adult individual residing in Orlando, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

5. The Defendant, Specified Credit Association, Inc. ("SCA"), is a Missouri business entity with an address of 2388 Schuetz Road, Suite A-100, St. Louis, Missouri 36146, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to SCA for collection, or SCA was employed by the Creditor to collect the Debt.

9. SCA attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. SCA Engaged in Harassment and Abusive Tactics

10. In or around November 2020, SCA began contacting Plaintiff in an attempt to collect the Debt.

11. On or about December 9, 2020, Plaintiff spoke with SCA and informed it that she worked from 7:30am – 4:00pm and was not able to take calls during those hours.

12. Plaintiff clearly and unequivocally advised SCA to cease all calls to her from 7:30am-4:00pm.

13. Thereafter, despite having been informed that calls during the specified hours while she was at work were inconvenient for Plaintiff, SCA continued to place calls to Plaintiff during her work hours.

14. SCA's actions caused Plaintiff a great deal of inconvenience and frustration.

### C. Plaintiff Suffered Actual Damages

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear, frustration and annoyance.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. The Plaintiff incorporates by reference Paragraphs 1 through 15 of this Complaint as though fully stated herein.

18. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

19. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

21. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

22. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

24. The Plaintiff incorporates by reference Paragraphs 1 through 15 of this Complaint as though fully stated herein.

25. The Defendant willfully communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

26. The Plaintiff is entitled to damages as a result of Defendant's violations.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat.§ 559.77;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat.§ 559.77;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77;

4. Punitive damages pursuant to Fla. Stat. § 559.77; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 16, 2021

                              Respectfully submitted,

By    */s/ Sergei Lemberg*

        Sergei Lemberg, Esq.
        FL Bar No.: 1026228
        LEMBERG LAW, LLC
        43 Danbury Road
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        E-mail: slemberg@lemberglaw.com